IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ANTHONY BELL,　　　　　　　　　　　　　CASE NO.:

　　　　Plaintiff,
vs.

MCINTYRE MAINTENANCE, INC.,

　　　　Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff, ANTHONY BELL ("Plaintiff"), by and through undersigned counsel and pursuant to §440.205, Fla. Stat., and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 hereby files this Complaint against Defendant, MCINTYRE MAINTENANCE, INC. ("Defendant"), for damages as follows:

### GENERAL ALLEGATIONS

1. This is an action for monetary damages in excess of Fifteen Thousand Dollars ($30,000.00) exclusive of costs, interest, and attorney fees, by the Plaintiff against the Defendant, to redress the deprivation of rights secured to Plaintiff by the Florida Retaliatory Discharge Statute §440.205, Florida Statutes and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. At all times material hereto, Plaintiff was and continues to be a resident of Miami-Dade County, Florida, and is *sui juris*.

3. At all times material hereto, Defendant was and continues to be a for-profit business entity doing business in Miami-Dade County, Florida.

4. At all times material hereto, Plaintiff was an employee or former employee of Defendant within the meaning of Florida Statute §440.02(15) of the Workers Compensation Act.

5. At all times material hereto, Defendant was the employer of Plaintiff within the meaning of the Florida Workers Compensation Statute, §440.02(16), Florida Statutes.

6. Plaintiff has exhausted all of his administrative remedies, if any, and has fulfilled all conditions precedent to the institution of this action or said conditions have been waived.

## FLSA COVERAGE

7. Plaintiff was hired by Defendants in or about 2012.

8. Based upon the information preliminarily available, and subject to discovery in this cause, Defendant did not compensate Plaintiff for all overtime hours worked in a work week.

9. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff.

10. At all times material hereto, Defendant managed, owned and/or operated a business for profit in Miami-Dade County, Florida, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such business.  By virtue of such control and authority, Defendant was an employer of Plaintiff as such term is defined by the Act.  29 U.S.C. §201 *et seq*.

11. At all material times, Defendant has had annual gross revenues of not less than $500,000.00.

12. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the Act, in that said enterprise has had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. By reason of the foregoing, Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of the Defendant.

15. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of the Defendant.

16. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

17. At all times pertinent to this Complaint, Defendant failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff compensation to which he was lawfully entitled for the period of time each day he performed labor on behalf of Defendant.

18. Defendant's actions involve a company-wide unlawful pay policy with the uniform result that Plaintiff was denied his proper compensation.

19. Defendant knowingly violated the law by engaging in a uniform practice where it failed to Plaintiff for overtime hours.

20. Plaintiff has retained the law firm of Jonathan S. Minick, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action.

### COUNT I – CLAIM FOR RETALIATORY DISCHARGE IN VIOLATION OF §440.205, FLA. STAT.

21. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-20 above.

22. Florida Statute §440.205 states:

    > No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

23. In or about 2012, Plaintiff was hired by Defendant to work as a landscaper for its business. The Plaintiff was duly qualified for this position and at all times performed his job duties at or above expectation.

24. On or about January 9, 2019, Plaintiff suffered a work-related injury while performing labor on behalf of the Defendant, following an attack by another of Defendant's employees.

25. Immediately after suffering his work-related injury, Plaintiff reported his injuries to Defendant, and requested workers' compensation benefits from the Defendant.

26. Despite Plaintiff's request, Defendant failed to provide Plaintiff with workers' compensation benefits.

27. Plaintiff retained counsel to assist him in obtaining workers' compensation benefits.

28. Defendant began to retaliate against the Plaintiff after becoming aware that Plaintiff had requested workers' compensation benefits.

29. Specifically, on or about January 23, 2019, Defendant terminated Plaintiff's employment following Plaintiff's refusal to withdraw his workers' compensation claim and his requests for benefits.

30. The reasons Defendant claims it terminated Plaintiff, if any, are merely pretextual.

31. As a result of Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat., Defendant terminated Plaintiff's employment on or about January 23, 2019.

32. Defendant did not allow Plaintiff to re-commence work after being discharged.

33. A motivating factor which caused Plaintiff to be discharged as described above was Plaintiff's request for worker's compensation benefits pursuant to Ch. 440, Fla. Stat.

34. The actions Defendant took regarding Plaintiff's termination were in direct violation of §440.205, Fla. Stat.

35. The Defendant retaliated against the Plaintiff for seeking valid worker's compensation benefits.

36. As a direct result of Defendant's violation of §440.205, Fla. Stat., Plaintiff has been damaged.

WHEREFORE, Plaintiff requests judgment against the Defendant for:

A. actual and consequential damages, plus interest;

B. compensatory damages for pain, suffering and humiliation;

C. back pay, pre-judgment interest, front-pay, post-judgment interest, and damages for all employment and retirement benefits he would have received but for Defendant's actions and/or omissions.

D. Any and other further relief as this Court may deem just and appropriate under the circumstances.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION ON BEHALF OF PLAINTIFF

37. Plaintiff re-adopts and re-alleges each and every factual and jurisdictional allegation as contained in paragraphs 1-20 above. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

38. Plaintiff was employed by Defendant from approximately 2012 through January 23, 2019.

39. From the commencement of Plaintiff's employment, until approximately January 2019, Plaintiff worked an average of sixty (60) hours each week.

40. At the time Plaintiff was unlawfully terminated, Defendant paid Plaintiff $130 per day for all hours worked, however, Plaintiff was not compensated at an overtime rate by Defendant for the hours he worked in excess of forty (40) per week.

41. Defendant knowingly and willfully failed to pay Plaintiff at a rate of time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week.

42. The failure of Defendant to compensate Plaintiff at an overtime rate is in violation of the FLSA.

43. Defendant, therefore, are liable to Plaintiff in the amount of his unpaid hours and overtime compensation.

44. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and has suffered damages plus incurring costs and reasonable attorneys' fees.

45. As a result of Defendant's willful violations of the Act, Plaintiff and is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for the payment of compensation for all overtime hours at one and one-half his regular rate of pay for the hours worked for which Plaintiff has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief including prejudgment interest.

## **DEMAND FOR JURY TRIAL**

46. Plaintiff demands trial by jury of all issues so triable.

Dated: August 31, 2020

Respectfully submitted,

s/Jonathan S. Minick
Jonathan S. Minick, Esq.
FBN: 88743
E-mail: jminick@jsmlawpa.com
Jonathan S. Minick, P.A.
1850 SW 8th Street, Suite 307
Miami, Florida 33135
Phone: (786) 441-8909
Facsimile: (786) 523-0610
Counsel for Plaintiff

Filing # 113349379 E-Filed 09/14/2020 06:35:41 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA
CIVIL DIVISION

ANTHONY BELL,

CASE NO.: 2020-018568-CA-01

Plaintiff,

vs.

MCINTYRE MAINTENANCE, INC.,

Defendant.
_____/

8/2343
11/11/2020
1:55 PM

## CIVIL ACTION SUMMONS

**TO:**

MCINTYRE MAINTENANCE INC.
C/O CEDRIC B. MCINTYRE, SR., REGISTERED AGENT
26235 SW 130TH PLACE
MIAMI, FL 33032

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan S. Minick, Esq.
Florida Bar No. 88743
169 E. Flagler Street, Suite 1600
Miami, Florida 33131
Direct Dial: 786.441.8909

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also fie your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on 9/15/2020

Clerk of the Court,

By _____ 
Deputy Clerk

1

Filing # 112619304 E-Filed 08/31/2020 11:38:03 AM

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

Case No.: _____
Judge: _____

ANTHONY BELL
Plaintiff

vs.

MCINTYRE MAINTENANCE INC.
Defendant

## II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim rounded to the nearest dollar $50,000

## III. TYPE OF CASE

(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure
  - ☐ Homestead residential foreclosure
  - ☐ Non-homestead residential foreclosure
  - ☐ Other real property actions
- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical

- ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

- ☐ County Civil
  - ☐ Small Claims up to $8,000
  - ☐ Civil
  - ☐ Replevins
  - ☐ Evictions
  - ☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

IV. **REMEDIES SOUGHT** (check all that apply):
  ☒ Monetary;
  ☐ Non-monetary declaratory or injunctive relief;
  ☐ Punitive

V. **NUMBER OF CAUSES OF ACTION:**
  (Specify)

  2

VI. **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ Yes
  ☒ No

VII. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ No
  ☐ Yes – If "yes" list all related cases by name, case number and court:

VIII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ Yes
  ☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jonathan S. Minick
  Attorney or party
FL Bar No.: 88743
  (Bar number, if attorney)
  Jonathan S. Minick
  (Type or print name)
Date: 08/31/2020